IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT L. COMMODORE           :
                              :
    v.                        :    Civil Action No. DKC 07-0661
                              :
CALVERT COUNTY BOARD
OF COMMISSIONERS, ET AL.      :

**MEMORANDUM OPINION**

Presently pending are Plaintiff's original and supplemental motions for attorneys' fees. (Papers 67, 69). For the following reasons, the motions will be denied.

After a jury trial, Plaintiff Robert L. Commodore was awarded one dollar ($1.00) in nominal damages on his 42 U.S.C. § 1983 claim. Judgment was entered in favor of Defendants on all other claims. Plaintiff now seeks an award of $68,690.00 in attorneys' fees.

Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." Courts have interpreted this provision to mean that "prevailing plaintiffs in civil rights actions shall ordinarily receive fees and costs as long as no special circumstances render an award unjust." *Clark v. Sims*,

894 F.Supp. 868, 870 (D.Md. 1995) (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)).  In enacting § 1988, Congress intended to encourage plaintiffs to act as private attorney generals.  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989)); *see also Newman*, 390 U.S. at 401-02.  "Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."  *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986).

The award of nominal damages does render Plaintiff a prevailing party under § 1988.  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).  The prevailing party standard is satisfied by a "judgment for damages in any amount, whether compensatory or nominal." *Farrar*, 506 U.S. at 111-12; *see also Mercer v. Duke University*, 401 F.3d 199, 203 (4th Cir. 2005).  Eligibility for a fee award, however, is not the same as entitlement:

> [T]he district court has discretion to determine what constitutes a reasonable fee, a determination that requires the court to consider the extent of the plaintiff's success. *See Farrar*, 506 U.S. at 114, 113 S.Ct. 566 ("Once civil rights litigation materially alters the legal relationship between the parties, the degree of the plaintiff's overall success goes to the reasonableness of a fee award...." (internal quotation marks omitted)). If the prevailing party has recovered only nominal damages, the Supreme Court has explained that "the only reasonable fee is *usually* no fee at all." *Farrar*, 506 U.S. at 115, 113 S.Ct. 566 (emphasis added); *see also id*. ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party...." (emphasis added)).

*Mercer*, 401 F.3d at 203.

Here, Plaintiff asserts that the relief sought was "generally nonmonetary." That assertion is totally unsupported by the record. The complaint sought only compensatory and exemplary damages, attorneys' fees, and "such other and further relief as the court may deem appropriate." The entire tenor of the litigation was a quest for a large damages award. On that point, Plaintiff achieved almost none of the relief requested. The case also did not involve novel legal issues. While excessive force claims are always serious, Plaintiff's nominal damage verdict did not serve to advance the state of the law. Furthermore, this verdict was against the officer personally and

3

not in his official capacity; thus, the suit and limited verdict did not serve a public purpose.  Moreover, the file reflects repeated discovery lapses by Plaintiff's counsel, not only in failing to respond to Defendants' legitimate requests, but also in failing to pursue discovery on behalf of Plaintiff in a timely fashion.  In sum, the limited success evidenced by the verdict justifies no award of attorneys' fees.

    A separate order will be entered.

                                                    _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge