IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT L. COMMODORE, JR.          :

    v.                            :   Civil Action No. DKC 07-0661

CALVERT COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.      :

**MEMORANDUM OPINION**

Pending before the court is a motion filed by Defendant Joseph Windsor for entry of an order of satisfaction. (Paper 74). Plaintiff has failed to respond. The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I.  Background**

Plaintiff Robert L. Commodore, Jr., brought this action alleging, *inter alia*, civil rights violations related to a January 10, 2007, incident in which he was shot by Defendant Joseph Windsor, a Calvert County Deputy Sheriff, during a traffic stop. On May 21, 2009, following a two-day jury trial, a nominal verdict of $1.00 was returned in Plaintiff's favor. On the same date, the court entered judgment in accordance with the jury's verdict. (Paper 64).

On June 1, 2009, Plaintiff filed a motion for attorney's fees. (Paper 67). That motion was denied by a memorandum

opinion and order issued on October 13, 2009 (papers 71, 72), copies of which were mailed to Plaintiff through his attorney, James Q. Butler. That mailing was returned as undeliverable, however, and it was subsequently learned that Mr. Butler was the subject of disciplinary proceedings in the District of Columbia. Shortly thereafter, he was disbarred there, *see In re Butler*, 982 A.2d 1147 (D.C. 2009) (per curiam), and his bar membership in this court was suspended. Meanwhile, Plaintiff had been released from incarceration and contacted the court to advise of his address and phone number, which remained confidential upon his request.

Defendant's efforts to satisfy the judgment were hampered by his inability to obtain contact information for Plaintiff or his attorney. Defense counsel ultimately decided to send a check in the amount of $1.00, along with a proposed order of satisfaction, to Rosslyn Harris, Plaintiff's probation officer, asking that she forward the check to Plaintiff and have him sign and return the order of satisfaction. Despite Defendant's repeated efforts to contact her, Ms. Harris failed to respond and the check was never negotiated. On November 24, 2009, Defendant filed the instant motion for entry of an order of satisfaction, asking the court to "enter the May 21, 2009[,] judgment in this case 'PAID AND SATISFIED.'" (Paper 74, at ¶ 7).

On November 25, 2009, the court sent a copy of the motion to Plaintiff, at the confidential address he provided, along with a cover letter stating that "Defendant has filed the enclosed motion concerning counsel's efforts to contact you and to pay the $1.00 judgment. You need to notify the court how you wish to proceed [by] no later than December 11, 2009." (Paper 75). To date, Plaintiff has failed to respond.

**II. Analysis**

While Defendant has not cited any legal authority for the requested relief, there are two potential grounds for his motion. The first is Federal Rule of Civil Procedure 60(b)(5), which permits the court, "[o]n motion and just terms" to "relieve a party . . . from a final judgment, order, or proceeding" where "the judgment has been satisfied, released or discharged. . . ." In *Zamani v. Carnes*, 491 F.3d 990, 995-96 (9th Cir. 2007), the United States Court of Appeals for the Ninth Circuit explained:

> The "satisfied, released, or discharged" clause of Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount. *See, e.g., Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542, 544 (9th Cir. 1991); *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 639-40 (6th Cir. 2000); *Newhouse v. McCormick & Co.*, 157 F.3d 582, 584 (8th Cir. 1998); *Baumlin & Ernst, Ltd. v.*

>  *Gemini, Ltd*., 637 F.2d 238, 241 n. 5 (4th Cir. 1980).

*See also Zenor v. United States*, Civ. No. 03cv0503 J(JMA), 2009 WL 1390812, at *2 (S.D.Cal. May 15, 2009) ("The 'satisfied, released, or discharged' clause of Rule 60(b)(5) is generally invoked when a party seeks an entry of satisfaction of judgment because no acknowledgement of satisfaction has been delivered."); *Steinweden, et al. v. L & M Construction, LLP, et al.*, No. CV 04-137-M-DWM-JCL, 2009 WL 361735, at *5 (D.Mont. Feb. 4, 2009) ("Rule 60(b)(5) 'allows the district court to relieve a party from a final judgment if the judgment has been satisfied'") (quoting *Newhouse*, 157 F.3d at 584)).

The alternative ground is Fed.R.Civ.P. 69(a), which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

In *Zamani*, 491 F.3d at 996, the court found that "[b]ecause Rule 69(a) applies to 'proceedings supplementary to and in aid of a judgment,' the rule is broad enough to encompass a proceeding involving the acknowledgement of satisfaction of judgment."

Insofar as Rule 69(a) requires the procedure on execution to "accord with the procedure of the state where the court is

located," the relevant provision in Maryland is Md. Rule 2-632(b). That rule provides that where a judgment creditor fails to furnish the judgment debtor with a written statement that the judgment has been satisfied, as required by Rule 2-632(a), "the judgment debtor may file a motion for an order declaring that the judgment has been satisfied." Md. Rule 2-632(b).

Defendant is eligible for relief under either ground. He has made repeated, diligent efforts to satisfy the judgment, including by presenting to Plaintiff's probation officer a check for the judgment amount and a proposed order of satisfaction, which he requested that Plaintiff sign and return. To date, the check has not been negotiated and Plaintiff has not acknowledged satisfaction of the judgment. Every effort to provide notice to Plaintiff has been made; indeed, the court forwarded the instant motion to the confidential address he provided with explicit instructions that he advise the court as to how he wished to proceed by "no later than December 11, 2009." (Paper 75). Seven months have passed since that date without a response from Plaintiff. The existence of the unsatisfied judgment, moreover, has resulted in prejudice to Defendant. In a docketed correspondence to the court, Defendant's counsel stated that "[t]he continued pendency of an unsatisfied judgment is detrimental to [Defendant's] credit status and may have other negative consequences as well." (Paper 77, at 2). Under these

circumstances, the court finds that Defendant has made reasonable efforts to satisfy the judgment and that Plaintiff has been put on notice of these efforts, but has failed to respond.  Accordingly, Defendant is entitled to the requested relief.

**III. Conclusion**

For the foregoing reasons, Defendant's motion will be granted.  A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```